# EXHIBIT A

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel:    619-762-1910
Fax:    619-756-6991
todd@lcllp.com

*Attorneys for Plaintiff*

[Additional counsel listed on signature page.]

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON        3/17/2022
By        /s/ Anthony Berini
                **Deputy Clerk**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| JUSTIN WALKER, on behalf of himself and all others similarly situated, | Case Number: _22-CIV-01176_ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| META PLATFORMS, INC., | |
| Defendant. | |

Plaintiff Justin Walker, on behalf of himself and all others similarly situated, files this Complaint against Defendant Meta Platforms, Inc. ("Meta" or "Defendant") for violation of the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff's allegations are based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## I.      NATURE OF THE ACTION

1.      This is a consumer digital privacy class action complaint against Meta, as the owner and operator of the website Facebook.com and related online application ("Facebook"), for violating the VPPA by disclosing its digital subscribers' personally identifiable information or (as defined under the VPPA) without the proper consent.

2.      The VPPA prohibits "video tape service providers," such as Meta, from knowingly disclosing consumers' personally identifiable information, including "information

which identifies a persona as having requested or obtained specific video materials or services from a video tape provider," without express consent in a stand-alone consent form.

3.      On Facebook, Defendant offers the Facebook Live tool whereby it broadcasts consumers' personally identifiable viewing information, including their full names and the specific video materials or services they viewed on the Facebook Live tool such as movies, performances and other virtual events (the "PII"). Through the Facebook Live Tool, Facebook knowingly discloses to other third parties—specifically, other viewers of the Facebook Live Event—its consumers' PII without their consent in violation of the VPPA.

4.      Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of intentionally disclosing its digital subscribers' Personal Viewing Information to third parties in knowing violation of the VPPA.

## II.   JURISDICTION AND VENUE

5.      This Court has jurisdiction over this class action pursuant to Cal. Civ. Proc. Code § 410.10 and Article VI, § 10 of the California Constitution.

6.      The Court has personal jurisdiction over Defendant because it has affirmatively established and maintained sufficient contacts with California in that Defendant is registered to do business in this State, is headquartered in this State, and conducts significant business in this State.

7.      Venue is proper in this County pursuant to California Civ. Code § 395.5, as Defendant's principal place of business is in this County, and pursuant to Cal Civ. Code § 1780(d), as Defendant's principal place of business is in this County and a substantial portion of the transactions and allegations complained of herein occurred here.

## III.  THE PARTIES

8.      Plaintiff Justin Walker is an adult domiciled in California. Plaintiff is a Facebook digital subscriber and has been for approximately fifteen (15) years. During the relevant time period he has used the Facebook digital subscription to view video materials through the Facebook Live Tool while logged into his Facebook account. By doing so,

Plaintiff's PII was disclosed to unauthorized persons pursuant to the systematic process described herein. Plaintiff never gave Defendant express written consent to disclose his PII.

9.      Defendant Meta is a Delaware corporation with its headquarters and principal executive offices in this district at 1601 Willow Road, Menlo Park, California 94025. It is a citizen of Delaware and California. Prior to December 1, 2021, Meta was known as Facebook Inc. It is the owner and operator of, among other things, two large social media platforms, Facebook and Instagram. As detailed below, through the Facebook, Defendant delivers and, indeed, is in the business of delivering, countless hours of video materials and/or services to its digital subscribers such that it is a "Video Tape Service Provider" within the meaning of the VPPA.

## IV.    FACTUAL ALLEGATIONS

### A.     Background of the Video Privacy Protection Act

10.     The VPPA generally prohibits the knowing disclosure of a customer's video rental or sale records without the informed, written consent of the customer in a form "distinct and separate from any form setting forth other legal or financial obligations." Under the statute, the Court may award actual damages (but not less than liquidated damages of $2,500.00 per person), punitive damages, equitable relief and attorney's fees.

11.     The VPPA was initially passed in 1988 for the explicit purpose of protecting the privacy of individuals' and their families' video rental, purchase and viewing data. Leading up to its enactment, members of the United States Senate warned that "[e]very day Americans are forced to provide to businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

12.     Senators at the time were particularly troubled by disclosures of records that reveal consumers' purchases and rentals of videos and other audiovisual materials. As Senator Patrick Leahy and the late Senator Paul Simon recognized, records of this nature offer "a window into our loves, likes, and dislikes," such that "the trail of information generated by every transaction that is now recorded and stored in sophisticated record-keeping systems is a

new, more subtle and pervasive form of surveillance." S. Rep. No. 100-599 at 7-8 (1988) (statements of Sens. Simon and Leahy, respectively).

13.     In proposing the Video and Library Privacy Protection Act (later codified as the VPPA), Senator Leahy stated that "[i]n practical terms our right to privacy protects the choice of movies that we watch with our family in our own homes. And it protects the selection of books that we choose to read." 134 Cong. Rec. S5399 (May 10, 1988). Thus, the personal nature of such information, and the need to protect it from disclosure, is the inspiration of the statute: "These activities are at the core of any definition of personhood. They reveal our likes and dislikes, our interests and our whims. They say a great deal about our dreams and ambitions, our fears and our hopes. They reflect our individuality, and they describe us as people." *Id.*

14.     While these statements rang true in 1988 when the VPPA was passed, the importance of legislation like the VPPA in the modern era of data mining is more pronounced than ever before. During a recent Senate Judiciary Committee meeting, "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century," Senator Leahy emphasized the point by stating: "While it is true that technology has changed over the years, we must stay faithful to our fundamental right to privacy and freedom. Today, social networking, video streaming, the 'cloud,' mobile apps and other new technologies have revolutionized the availability of Americans' information."[1]

15.     In this case, Defendant chose to deprive Plaintiff and the Class members of that right by systematically disclosing their PII to third-parties, without providing notice to (let alone obtaining consent from) anyone, as explained herein.

**B.      The Facebook Platform**

16.     Defendant's website and application Facebook was launched in 2004 as an online social media and social networking service.

---

[1] The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century, Senate Judiciary Committee Subcommittee on Privacy, Technology and the Law, http://www.judiciary.senate.gov/meetings/the-video-privacy-protection-act-protecting-viewer-privacy-in-the21stcentury.

17.     Facebook can be accessed from devices with Internet connectivity, such as personal computers, tablets, and smartphones.

18.     As a requirement to use and access Facebook, users are required to, and do, register and subscribe to Facebook. As part of this registration process, subscribers are required to provide Facebook with their personal information such as their full name, phone number, email address, date of birth, and gender:



19.     On information and belief, all digital subscribers also provide Defendant with their IP address, which is a unique number assigned to all information technology connected devices, that informs Defendant as to subscribers' city, zip code and physical location.

20.     Finally, digital subscribers may provide to Defendant the identifier on their mobile devices and/or cookies stored on their devices.

21.     After the registration process is complete, Facebook subscribers are then assigned a unique Facebook ID ("FID"). An FID is a unique and persistent identifier that

Facebook assigns to each user. With it, any ordinary person can look up the user's Facebook profile and name.

22.    When opening an account, Defendant does not disclose to its digital subscribers that it will share their PII with third parties through its use of the Facebook Live Tool. Digital subscribers are also not asked to consent to such information sharing upon opening an account.

23.    After becoming a digital subscriber, viewers have access to a variety of information and tools on the Facebook platform.

24.    After registering, users can create a profile revealing information about themselves. They can post text, photos and multimedia which are shared with any other users who have agreed to be their "friend" or publicly. Users can also communicate directly with each other with Facebook Messenger, join common-interest groups, and receive notifications on the activities of their Facebook friends and the pages they follow.

25.    In addition, users can utilize the Facebook Live tool whereby Defendant will broadcast countless hours of video materials or services to its digital subscribers.

26.    As Defendant acknowledges, through the Facebook Live tool Defendant will broadcast users' "conversation[s], performance[s]…or virtual event[s]."

27.    Live Events are held for various purposes and cover an endless number of topics, from politics, makeup, and pop-culture to more serious and private issues, such as fertility preservation and HIV. Not only do **many of these videos contain sensitive and intimate content**, but they are also often recorded in individuals' private homes.

28.    Facebook Live is also used to live broadcast movies and sports events "with thousands of users watching and interacting with other viewers at the same time."[2]

29.    When a Facebook subscriber watches video materials or services during a Live Event, Facebook identifies the subscriber by name and displays to the subscriber which of his Facebook "friends" (also subscribers) are also watching the Live Event. Facebook simultaneously notifies the subscriber's "friends" that the subscriber is viewing the Live Event.

---

[2] *See, e.g.*, https://techpp.com/2016/11/05/facebook-live-movie-streaming/.

30.     As shown in the screenshot below, Facebook displays a list of the subscriber's Facebook friends who are watching the same live video, and tags them as "viewers":



31.     The above screenshot was taken from a Facebook Live Event. Notably, Facebook notified the host (another Facebook subscriber) that three of his "friends" are watching the live video, **identifying them by their private names and surnames** (their Facebook usernames). These Facebook friends could see each others' viewing status as well.

32.     Importantly, Facebook did not notify any of these subscribers that by joining the Facebook Live event, the specific video materials or services they requested from Facebook would be shared with third parties.

33.     Nowhere on Defendant's Privacy pages, Terms of Service, nor anywhere on its website or application does Defendant inform its subscribers that it will identify them by name in conjunction with sharing information about which specific video materials or services they are viewing with other third parties.

34.     Defendant also fails to obtain subscribers' consent (written or otherwise) to share this private viewing information with others.

35.     Similarly, Defendant also fails to obtain digital subscribers' written consent to share the specific video materials or services they are viewing "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," as the VPPA requires.

**C.     Plaintiff's Experiences**

36.     Plaintiff Justin Walker has been a digital subscriber of Facebook for approximately fifteen (15) years. Plaintiff became a digital subscriber of Facebook by providing, among other information, his name, phone number, email address, date of birth, gender, IP address (which informs Defendant as to the city and zip code he resides in as well as his physical location), and any cookies associated with his device. In turn, Defendant gave Plaintiff a unique FID for his Facebook account.

37.     Since approximately 2017, Plaintiff has utilized Defendant's Facebook Live tool to request specific video materials or services from Defendant's Facebook platform.

38.     Plaintiff believes he requests specific video materials or services from Defendant's Facebook platform utilizing the Facebook Live tool approximately 3-5 times per week.

39.     Plaintiff has never consented, agreed, authorized, or otherwise permitted Defendant to disclose specific video materials or services he requests from Defendant through the Facebook Live tool to third-parties. Plaintiff has never been provided any written notice

that Defendant discloses specific video materials or services requested by its digital subscribers through the Facebook Live tool to third parties, or any means of opting out of such disclosures. Defendant nonetheless knowingly disclosed specific video materials or services requested by Plaintiff to unauthorized third parties.

40.    Because Plaintiff is entitled by law to privacy in his PII, Defendant's disclosure of his PII to unauthorized third parties without his informed, written consent that is in a form distinct and separate from form setting forth other legal or financial obligations, deprived Plaintiff of his statutory rights under the VPPA.

## V.    CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Cal. Civ. Proc. Code § 382, on behalf of the following class (the "Class"):

> All persons in the United States with a digital subscription to Facebook that utilized the Facebook Live tool and had their PII disclosed to third parties in connection therewith.

42.    Excluded from the Class are Defendant, their past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case and their immediate families.

43.    <u>Numerosity</u>. Members of the Class are so numerous and geographically dispersed that joinder of all members of the Class is impracticable. Plaintiff believes that there are hundreds of thousands of members of the Class widely dispersed throughout the United States. Class members can be identified from Defendant's records and non-party Facebook's records.

44.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class were harmed by the same wrongful conduct by Defendant in that Defendant caused Personal Viewing Information to be disclosed to Facebook without obtaining express written consent. His claims are based on the same legal theories as the claims of other Class members.

45.     Adequacy. Plaintiff will fairly and adequately protect and represent the interests of the members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the members of the Class.  Plaintiff is represented by counsel with experience in the prosecution of class action litigation generally and in the emerging field of digital privacy litigation specifically.

46.     Commonality. Questions of law and fact common to the members of the Class predominate over questions that may affect only individual members of the Class because Defendant has acted on grounds generally applicable to the Class. Such generally applicable conduct is inherent in Defendant's wrongful conduct.  Questions of law and fact common to the Classes include:

(a)     Whether Defendant knowingly disclosed Class members' PII to third parties through the Facebook Live tool;

(b)     Whether the information disclosed to third parties through the Facebook Live tool concerning Class members' PII constitutes personally identifiable information under the VPPA;

(c)     Whether Defendant's disclosure of Class members' PII to third parties through the Facebook Live tool was knowing under the VPPA;

(d)     Whether Class members consented to Defendant's disclosure of their PII to third parties through the Facebook Live tool in the manner required by 18 U.S.C. § 2710(b)(2)(B); and

(e)     Whether the Class is entitled to damages as a result of Defendant's conduct.

47.     Superiority. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not

practicably be pursued individually, substantially outweighs potential difficulties in management of this class action. Plaintiff knows of no special difficulty to be encountered in litigating this action that would preclude its maintenance as a class action.

## VI.    CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710)**

48.    Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

49.    The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" concerning any consumer to a third-party without the "informed, written consent (including through an electronic means using the Internet) of the consumer." 18 U.S.C § 2710.

50.    As defined in 18 U.S.C. § 2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

51.    Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710(a)(4) because it engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio-visual materials.

52.    As defined in 18 U.S.C. § 2710(a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

53.    Defendant knowingly caused PII concerning Plaintiff and Class members to be disclosed to third parties through the Facebook Live tool. This information constitutes personally identifiable information under 18 U.S.C. § 2710(a)(3) because it identified each Plaintiff and Class member to third-party users of the Facebook Live tool by disclosing their full names and the specific video materials or services they requested from the platform.

54.    As defined in 18 U.S.C. § 2710(a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged in

the preceding paragraphs, Plaintiff and Class Members subscribed to the Facebook platform. Plaintiff is thus a "consumer" under this definition.

55.     As set forth in 18 U.S.C. § 27109(b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner." Defendant failed to obtain informed, written consent under this definition.

56.     In addition, the VPPA creates an opt-out right for consumers in 18 U.S.C. § 2710(2)(B)(iii). It requires video tape service providers to also "provide[] an opportunity for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election." Defendant failed to provide an opportunity to opt out as required by the VPPA.

57.     Defendant knew that these disclosures identified Plaintiff and Class members to third-party users of the Facebook Live tool. Defendant also knew that Plaintiff's and Class members' PII was disclosed to third parties because, *inter alia*, Defendant advertises as much on the Facebook website. *See* https://www.facebook.com/formedia/tools/facebook-live.

58.     By disclosing Plaintiff's and the Class's PII, Defendant violated Plaintiff's and the Class members' statutorily protected right to privacy in their video-watching habits. *See* 18 U.S.C. § 2710(c).

59.     As a result of the above violations, Defendant is liable to the Plaintiff and other Class members for actual damages related to their loss of privacy in an amount to be determined at trial or alternatively for "liquidated damages not less than $2,500 per plaintiff." Under the statute, Defendant is also liable for reasonable attorney's fees, and other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendant in the future.

**VII.   RELIEF REQUESTED**

60.   Accordingly, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court:

(a)   Determine that this action may be maintained as a class action and direct that reasonable notice of this action be given to the Class, and declare Plaintiff as the representative of the Class;

(b)   For an order declaring that Defendant's conduct as described herein violates the federal VPPA, 18 U.S.C. § 2710(c)(2)(D);

(c)   For Defendant to pay $2,500.00 to Plaintiff and each Class member, as provided by the VPPA, 18 U.S.C. § 2710(c)(2)(A);

(d)   For punitive damages, as warranted, in an amount to be determined at trial, 18 U.S.C. § 2710(c)(2)(B);

(e)   For prejudgment interest on all amounts awarded;

(f)   For an order of restitution and all other forms of equitable monetary relief;

(g)   For injunctive relief as pleaded or as the Court may deem proper; and

(h)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit, 18 U.S.C. § 2710(c)(2)(C).

**VIII.   JURY DEMAND**

61.   Plaintiff, on behalf of himself and the proposed Class, demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 17, 2022          **LYNCH CARPENTER, LLP**

By:  _/s/ Todd D. Carpenter_
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
1350 Columbia St., Ste. 603
San Diego, California 92101
Tel.:   (619) 762-1900
Fax:   (619) 756-6991

Alex R. Straus (SBN 321366)
astraus@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA  90212
Tel:      (917) 471-1894
Fax:     (865) 522-0049

Gary M. Klinger*
gklinger@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel.:   (847) 208-4585

Katrina Carroll*
katrina@lcllp.com
**LYNCH CARPENTER, LLP**
111 W. Washington Street, Suite 1240
Chicago, Illinois 60602
Tel:      (312) 750-1265

Jonathan M. Jagher*
jjagher@fklmlaw.com
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, Pennsylvania 19428
Tel:      (610) 234-6487
Fax:     (224) 632-4521

*Pro Hac Vice* Applications Forthcoming

*Attorneys for Plaintiff*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LYNCH CARPENTER, LLP<br>TODD D. CARPENTER (SBN 234464)<br>1350 Columbia Street, Suite 603, San Diego, CA 92101<br><br>TELEPHONE NO.: 619-762-1910    FAX NO. *(Optional):* 619-756-6991<br>ATTORNEY FOR *(Name):* Plaintiff Justin Walker | Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON<br>3/17/2022<br>By ___/s/ Anthony Berini___<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Walker v. Meta Platforms, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22-CIV-01176 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1:Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2022

Todd D. Carpenter                                                  ▶ /s/ Todd D. Carpenter
_____                    _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| Attorney or Party without Attorney (Name/Address)<br>Todd D. Carpenter (SBN 234464)<br>LYNCH CARPENTER, LLP<br>1350 Columbia St., Suite 603, San Diego, CA 92101<br>Telephone: 619-762-1900<br>State Bar No.: 234464<br>Attorney for: Plaintiff Justin Walker | FOR COURT USE ONLY<br><br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON<br>**3/17/2022**<br>By   **/s/ Anthony Berini**<br>**Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff  Justin Walker | |
| Defendant Meta Platforms, Inc. | |
| **Certificate Re Complex Case Designation** | Case Number<br>**22-CIV-01176** |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.　　In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

　　❑　Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

　　❑　Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

　　☒　Box 5 – Is [or is not] a class action suit.

2.　　This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

(2)complexity of anticipated factual and/or legal issues; (3) numerous pretrial

motions that will be time-consuming to resolve; (4) management of a large number

of witnesses or a substantial amount of documentary evidence; (6) certification of a

putative class action will in fact be pursued

*(attach additional pages if necessary)*

3.      Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated: _____3/17/2022_____

Todd D. Carpenter                           */s/ Todd D. Carpenter*
_____          _____
[Type or Print Name]                      [Signature of Party or Attorney For Party]

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
META PLATFORMS, INC.,


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUSTIN WALKER, on behalf of himself and all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 3/17/2022
By /s/ **Anthony Berini**
**Deputy Clerk**

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Mateo Superior Court
400 County Center, Redwood City, CA 94063

</td><td>

CASE NUMBER *(Número del Caso):*
22-CIV-01176

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Carpenter of LYNCH CARPENTER, LLP, 1350 Columbia St., Ste. 603, San Diego, CA 92101, (619) 762-1900

<table>
<tr><td>DATE: 3/17/2022
*(Fecha)*</td><td>Neal I. Taniguchi</td><td>Clerk, by /s/ Anthony Berini
*(Secretario)*</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1



| SUPERIOR COURT OF SAN MATEO COUNTY<br>Civil Division<br>400 County Center, 1st Floor, Room A Redwood City, CA 94063<br>(650) 261-5100<br>www.sanmateocourt.org | FOR COURT USE ONLY<br># FILED<br>SAN MATEO COUNTY<br>3/17/2022<br>**Clerk of the Superior Court**<br>/s/ Anthony Berini<br>DEPUTY CLERK |
|---|---|
| PETITIONER/PLAINTIFF:   **JUSTIN WALKER, ON BEHALF OF HUMSELF AND ALL OTHERS SIMILARLY SITUATED** | |
| RESPONDENT/DEFENDANT:   **META PLATFORMS, INC.** | |
| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF A CASE MANAGEMENT AND TRIAL SETTING CONFERENCE, AND COMPLEX FEES DUE** | CASE NUMBER:<br>**22-CIV-01176** |

This case has been filed by Plaintiff(s) as a provisionally complex case and/or a putative class action and/or a PAGA representative action.  Pursuant to Local Rule 3.300(a), this action is automatically deemed a "complex case".  This case is assigned for all purposes to the Honorable:  **V. Raymond Swope** in **Department 23,** located at **Hall of Justice, 400 County Center, Redwood City, CA 94063**.

<u>ASSIGNED DEPARTMENT INFORMATION</u>

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| V. Raymond Swope | 650-261-5123 | Dept23@sanmateocourt.org |

**A Case Management and Trial Setting Conference is set for** 8/12/2022 **at 3:00 PM** in **Department 23** of this Court. In anticipation of the Case Management and Trial Setting Conference, counsel for the parties should be prepared to discuss at the hearing and file and serve written Case Management and Trial Setting Conference statements (**in prose and details, not using the standardized Judicial Council form**) with a courtesy copy emailed to complexcivil@sanmateocourt.org AND to Dept23@sanmateocourt.org **at least five court days prior to the Conference**, as to the following:

   a.  Status of Pleadings and Appearance of all Named Parties;

   b.  Status of Discovery, including status of document production, status of depositions, status of completion of merits discovery, and status of expert discovery;

   c.  Status of Settlement or Mediation;

   d.  Listing of All Pending Motions and proposed new hearing date;

   e.  Any anticipated motions and proposed briefing schedule; and

   f.  Any other matters for which the parties seek Court ruling or scheduling.

**Pursuant to Government Code Section 70616, the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case**.  Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.  Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Rev. Dec. 2020

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 3/17/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Anthony Berini
Anthony Berini, Deputy Clerk

Notice being served on:

TODD D CARPENTER
CARLSON LYNCH LLP
1350 COLUMBIA STREET
SUITE 603
SAN DIEGO CA  92101

Rev. Dec. 2020

**FILED**
SAN MATEO COUNTY

APR 06 2022

Clerk of the Superior Court
By_____
DEPUTY CLERK
BRIANA BARROW

1
2
3
4
5
6      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
7          IN AND FOR THE COUNTY OF SAN MATEO
8               COMPLEX CIVIL LITIGATION
9
10     JUSTIN WALKER, on behalf of himself and all other      Case No. 22-CIV-01176
       persons similarly situated,
11                                                            Assigned for All Purposes to
                        Plaintiff,                            Hon. V. Raymond Swope, Dept. 23
12
           vs.                                                **CASE MANAGEMENT ORDER #1**
13
14     META PLATFORMS, INC.
                        Defendant,
15
16
17     Pursuant to the Notice of Assignment for All Purposes, Designation as Complex Case, Setting of Case
18     Management Conference, and Complex Fees Due filed on March 17, 2022, designating this matter as a
19     complex action, and single assigning to the Honorable V. Raymond Swope in Department 23 of this
20     Court,
21          IT IS HEREBY ORDERED as follows:
22          1.      **Assigned Department Information**: To schedule a Law and Motion Hearing, please see
23     Local Rule 3.402 or visit the assigned Judicial Officer's webpage at www.sanmateocourt.org/civiljudges.
24     Complex cases are generally heard on Monday afternoons at 3:00 p.m.  Contact information for your
25
26     assigned department is as follows:          Department 23 Phone:      (650) 261-5123
27               Department E-Mail:       dept23@sanmateocourt.org
28               Complex Case E-Mail:     complexcivil@sanmateocourt.org

_____
CASE MANAGEMENT ORDER NO. 2

2.        **Correspondence** to the Department of the assigned Civil Judge, such as requests to take matters off calendar and requests for rescheduling, regarding complex civil actions shall be submitted electronically, rather than paper, by e-mail addressed to <u>complexcivil@sanmateocourt.org</u> AND <u>dept23@sanmateocourt.org</u>. All e-correspondence **must be sent in at least 12 point type**.  This email address is for the Department of the assigned Civil Judge to *receive* correspondence regarding *complex civil cases*, and is not a venue for back-and-forth communications with the judge.  Communications to this email address are *not* part of the official court files – just like a paper letter, they are not "filed" documents – and will be retained for at least 30 days and then be subject to deletion (destruction) thereafter.  All communications to the <u>complexcivil@sanmateocourt.org</u> and/or <u>dept23@sanmateocourt.org</u> email address MUST include in the header "subject line" the **Case Number and Name of Case** (e.g., CIV 654321 *Smith v. Jones*).

3.        **Electronic Service.**  Pursuant to Code of Civil Procedure Section 1010.6(c), and California Rules of Court, Rule 2.253(c) and Rule 2.251(c), all parties and their counsel shall serve all documents electronically, and accept service of documents electronically from all other parties, in conformity with Code of Civil Procedure Section 1010.6 and the California Rules of Court, except when personal service is required by statute.  Counsel for the parties shall meet and confer, agree upon, and keep updated, an e-service list for this complex civil action.  The parties are reminded that electronic service of documents may extend time periods for response by two (2) court days, pursuant to Code of Civil Procedure Section 1010.6(a)(4)(B).

4.        **Mandatory E-Filing.**  Pursuant to Code of Civil Procedure Section 1010.6(c), all parties shall file all documents electronically in this complex civil action, except those documents identified in Local Rule 2.1.8.  Presently, the following documents must still be filed/lodged in hardcopy paper:

Ex Parte Motions and Oppositions thereto

Stipulation and Proposed Order

CASE MANAGEMENT ORDER NO. 1

Proposed Judgments

Abstract of Judgment

Appeal Documents, including Notice of Appeal

Administrative Records

The document (other than exhibits) must be text searchable.  Please visit www.sanmateocourt.org for

further information on e-filing.  Please note that exhibits to any electronically filed briefs, declarations or

other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4).

5.      **Courtesy Copies for Department 23.**  A courtesy copy of all pleadings, motions,

applications, briefs, and any and all other papers **filed** in this case **shall** be (1) electronically served upon

Department 23 at  dept23@sanmateocourt.org AND complexcivil@sanmateocourt.org.  PLEASE ADD

DEPARTMENT 23 TO YOUR **E-SERVICE** SERVICE LIST IN THE CASE AS TO ANY AND ALL

PAPERS FILED WITH THE COURT.   All motions and briefs shall conform with the California Rules

of Court, especially Rule 3.1113, and indicate on the caption page that this matter is assigned for all

purposes to Department 23.

6.      **Obtain Hearing Date Pre-filing.**  As to any and all motions or other matters requiring a

hearing, the hearing date shall be obtained *directly* from and approved by Department 23 by sending an

email to complexcivil@sanmateocourt.org AND dept23@sanmateocourt.org, (and *not* with the Civil

Clerk's Office) *prior* to filing of the moving papers or other initial filings.

7.      **Proposed Orders.**  Proposed Orders should be e-filed with the motion or stipulation to

which it relates in conformity with CRC Rule 3.1312(c).  You must also email an editable version of the

Proposed Order in Word format (not PDF) to complexcivil@sanmateocourt.org so that the judge can

modify it prior to signing, if needed.

8.      **Ex Parte Motions.**  Presently, due to the Covid 19 Pandemic, no in-person ex parte

appearances are permitted – until further order of the court – and any ex parte appearances must be pre-

schedule with Department 23 and pre-organized by the moving party for remote appearance by all

involved parties and the Court. *Ex parte* applications in this matter shall heard by Department 23, and

the parties must meet the requirements of CRC Rule 3.120 *et seq.*. Please contact Department 23 and

opposing counsel for scheduling of the ex parte matters. With the consent of counsel for *all* parties,

telephone conferences on *simple* interim case management matters may be scheduled with the Court for a

mutually convenient time and date – with the scheduling and logistics of such telephone conferences to

be the responsibility of the requesting party/parties.

       9.     **E-Service of Discovery.**  All discovery methods (C.C.P. § 2019.010), including but not

limited to notice of deposition, special interrogatories, form interrogatories, requests for production of

documents, and requests for admissions, shall be served electronically upon counsel for the parties.  All

discovery responses by a party in response to a discovery method by another party shall be served

electronically upon counsel for the parties.  Production of documents shall be provided in electronic

form, unless the parties agree otherwise in writing.  If not previously established, counsel for the parties

shall meet and confer regarding possible establishment of a joint electronic document depository for the

uploading and downloading of electronic document productions.

       10.    **Informal Discovery Conferences.**

          a.     Pursuant to Code of Civil Procedure Section 2016.080, and the authority of a

complex civil judge under CRC Rule 3.750, no party may move to compel discovery, or file any other

discovery motion, until the parties have had an Informal Discovery Conference.  Counsel must have

exhausted all meet and confer obligations before the Informal Discovery Conference.  To request an

Informal Discovery Conference, counsel should contact the Court by email at

dept23@sanmateocourt.org AND ComplexCivil@sanmateocourt.org, which email must be

contemporaneously copied to counsel for all parties to the action and any self-represented parties.  In the

email please include the following information: issue subject to the IDC; has this been conferenced

CASE MANAGEMENT ORDER NO. 1

before and if so when; list of parties to be involved; and possible motions to arise if IDC fails. Pursuant to Code of Civil Procedure Section 2016.080(c)(2), the time for bringing any motion to compel is tolled starting on the date a party makes the email request for an Informal Discovery Conference to the Court. All requests for Informal Discovery Conference must be made well prior to the expiration of the statutory time to bring a motion to compel or other discovery motion.

        b.      Within five (5) calendar days of the initial email request to the Court for an Informal Discovery Request, the disputing parties shall, jointly or separately, email correspondence to the Court at ComplexCivil@sanmateocourt.org and dept23 @sanmateocourt.org, and contemporaneously to all parties, an electronic letter of no more than five (5) pages, without attachments, summarizing the discovery dispute(s).

        c.      The parties involved in the discovery dispute ***shall not*** file any "meet and confer" declarations pursuant to Code of Civil Procedure Sections 2016.040 or 2016.080(b) prior to the Informal Discovery Conference.  The dispute will be addressed by the e-correspondence method/procedure set forth above.

        d.      The procedures outlined above apply to parties.  With regard to discovery disputes with non-parties, the non-parties may elect to participate in this procedure, but are not required to do so.

        11.    **No Discovery Motion Separate Statement.**  As to any discovery motions, the parties are relieved of the statutory obligation under CRC Rule 3.1345, and thus need *not* (should not) file a separate statement – instead the subject discovery requests (or deposition questions) and written responses (or deposition answers or objections) must be attached to the supporting declaration on the discovery motion.

        12.    **Limit to 35.**  Given the nature of this complex civil action, the Court views document production and depositions as the most effective means of discovery for adjudication.  Accordingly, no party may propound more than 35 special interrogatories *total* and no party may propound more than 35 requests for admissions (other than as to the authenticity of documents) *total*, without prior court order

after demonstration of need and a showing that other means of discovery would be less efficient.

13.    **No Appendix of Non-California Authorities.**  Pursuant to CRC Rule 3.1113(i), the Complex Civil Department, Dept. 23, does not require any appendix of non-California authorities, unless specifically stated by the Court as to a particular motion.

14.    **Case Management Conference.**  The next Complex Case Management Conference is set for **Friday, August, 12th at 3:00 p.m.** in Department 23 of this Court, located at Courtroom 8A, 400 County Center, Redwood City, California.  Counsel for all parties shall meet and confer on all matters set forth in California Rules of Court Rule 3.750 and Rule 3.724(8).  **All appearances shall be remote only, via Zoom.**  Email  Department 23 three days prior to conference for Zoom credentials.

15.    In anticipation of the Case Management Conference, counsel for the parties should be prepared to discuss at the hearing *and* file written case management conference statements (**in prose and details,** *not* **using the standardized Judicial Council form**) with a courtesy copy delivered *directly* to Department 23 on or before **August 4th, 2022,** as to the following:

a.    Status of the Pleadings and service of process upon all named parties;

b.    Status of Discovery, including the initial production of documents by all parties, and depositions of the Plaintiff and of Defendant's PMK(s);

c.    Status of Settlement or Mediation;

d.    Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);

e.    Proposed briefing schedule and hearing date on Plaintiff's Motion for Class Certification, and what *specific* discovery is still needed to prepare the motion or opposition;

f.    Any anticipated motions and proposed briefing schedule;

g.    Setting of next CMC date; and

h.    Any other matters for which the parties seek Court ruling or scheduling.

CASE MANAGEMENT ORDER NO. 1

16.     Discovery is not stayed.


IT IS SO ORDERED.


DATED:  **APR 6 0 2022**


HON. V. RAYMOND SWOPE
JUDGE OF THE SUPERIOR COURT

CASE MANAGEMENT ORDER NO. 1